STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>OMNIA ALLIANCE, LLC, a Utah limited-liability company; SVRE, LLC, a Nevada limited-liability company d/b/a Simply Vegas Real Estate; GAVIN M. ERNSTONE, an individual; and JOE HERRERA, an individual,<br><br>Defendants. | Case No.: 2:10-cv-01102<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Omnia Alliance, LLC ("Omnia"), SVRE, LLC doing business as Simply Vegas Real Estate ("SVRE"), Gavin M. Ernstone ("Mr. Ernstone"), and Joe Herrera ("Mr. Herrera"; collectively with Omnia, SVRE, and Mr. Ernstone known herein as the "Defendants"), on information and belief:

1

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. SVRE is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company.

5. SVRE is, and has been at all times relevant to this lawsuit, doing business as Simply Vegas Real Estate, as evidenced by the Clark County fictitious names database, attached hereto as Exhibit 1.

6. Omnia is, and has been at all times relevant to this lawsuit, a Utah limited-liability company.

7. Omnia, is, and has been at all times relevant to this lawsuit, identified by the current registrar, Godaddy.com, Inc. ("GoDaddy"), as the registrant of the Internet domain found at <inside-real-estate.com> (the "Domain").

8. Omnia, is, and has been at all times relevant to this lawsuit, identified by GoDaddy as a technical and administrative contact for the Domain.

9. Mr. Ernstone is, and has been at all times relevant to this lawsuit, a resident of Nevada.

10. Mr. Ernstone is, and has been at all times relevant to this lawsuit, a licensed real estate broker in Nevada.

11. Mr. Ernstone is, and has been at all times relevant to this lawsuit, identified as a managing member of SVRE, as evidenced by the Nevada Secretary of State business entity database, attached hereto as Exhibit 2.

12. Mr. Ernstone is, and has been at all times relevant to this lawsuit, a real estate broker engaged by SVRE.

13. Mr. Herrera is, and has been at all times relevant to this lawsuit, a resident of Nevada.

14. Mr. Herrera is, and has been at all times relevant to this lawsuit, a licensed real estate agent in Nevada.

15. Mr. Herrera is, and has been at all times relevant to this lawsuit, identified as a managing member of SVRE, as evidenced by the Nevada Secretary of State business entity database, attached hereto as Exhibit 2.

16. Mr. Herrera is, and has been at all times relevant to this lawsuit, a real estate agent engaged by SVRE.

17. Mr. Herrera is, and has been at all times relevant to this lawsuit, in administrative control of the content accessible through the blog forum found at www.inside-real-estate.com/joeherrera  (said content accessible through the Domain and the Domain itself, collectively known herein as the "Website").

18. Mr. Herrera is, and has been at all times relevant to this lawsuit, subject to the supervision and control of Mr. Enrstone, within the scope of Mr. Herrera's duties as an agent of SVRE.

19. Mr. Herrera, at all times relevant to this lawsuit, has operated and controlled, and continues to operate and control, the Website for the benefit of SVRE.

20. Mr. Herrera, at all times relevant to this lawsuit, has operated and controlled, and continues to operate and control, the Website under the supervision of Mr. Ernstone.

21. Mr. Herrera, at all times relevant to this lawsuit, has maintained and continues to maintain the Website, pursuant to, and in furtherance of Mr. Herrera's engagement as a real estate agent of SVRE.

# JURISDICTION

22. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

23. Righthaven is the copyright owner of the literary work entitled: "Attitudes toward foreclosure changing" (the "Work"), attached hereto as Exhibit 3.

24. At all times relevant to this lawsuit, the Work depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

25. The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

26. On or about May 21, 2010, the Defendants displayed an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 4.

27. At all times relevant to this lawsuit, the Infringement depicted the original source publication as the Las Vegas *Review-Journal*.

28. At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

29. At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Las Vegas, Nevada residents.

30. The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Home sales improve in April," attached hereto as Exhibit 5 (the "Home Sales Article"), from a source emanating from Nevada.

31. On or about May 25, 2010, the Defendants displayed the Home Sales Article on the Website.

32. The Defendants' display of the Home Sales Article was and is purposefully directed at Nevada residents.

33. The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Bill aims to help military homeowners," attached hereto as Exhibit 6 (the "Military Article"), from a source emanating from Nevada.

34. On or about June 3, 2010, the Defendants displayed the Military Article on the Website.

35. The Defendants' display of the Military Article was and is purposefully directed at Nevada residents.

36. The Defendants purposefully direct and effectuate the unauthorized reproduction of Righthaven-owned copyrighted works on the Website.

37. SVRE purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

38. Omnia purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

39. Mr. Ernstone purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

40. Mr. Herrera purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

41. Omnia's contacts with Nevada are continuous and systematic because Omnia provides personal blog forums to multiple realtors located in Nevada.

42. Omnia's contacts with Nevada are continuous and systematic because Omnia provides pertinent information, via the Website, concerning the Nevada real estate market and specific Nevada-based real estate properties.

## **VENUE**

43. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(1), because Mr. Ernstone resides in Nevada.

44. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(1), because Mr. Herrera resides in Nevada.

45. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

46.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because SVRE is subject to personal jurisdiction in Nevada.

47.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because Omnia is subject to personal jurisdiction in Nevada.

**FACTS**

48.     The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

49.     Righthaven is the owner of the copyright in and to the Work.

50.     The Work was originally published on May 21, 2010.

51.     On June 21, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007159682 (the "Registration") and attached hereto as Exhibit 7 is evidence of the Registration from the official USCO database record depicting the occurrence of the Registration.

52.     On or about the May 21, 2010, the Defendants displayed the Infringement on the Website.

53.     The Defendants replaced the Work's original title, "Attitudes toward foreclosure changing," with a new title, "Buyers' attitudes toward foreclosures changing."

54.     The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

55.     The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

**CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

56. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 55 above.

57. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

58. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

59. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

60. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

61. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

62. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

63. The Defendants distributed an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

64. The Defendants publicly displayed an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

65. SVRE has willfully engaged in the copyright infringement of the Work.

66. Omnia has willfully engaged in the copyright infringement of the Work.

67. Mr. Ernstone has willfully engaged in the copyright infringement of the Work.

68. Mr. Herrera has willfully engaged in the copyright infringement of the Work.

69. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

70. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus

entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

   c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct GoDaddy and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this sixth day of July, 2010.

                RIGHTHAVEN LLC

                By: /s/ J. Charles Coons
                STEVEN A. GIBSON, ESQ.
                Nevada Bar No. 6656
                J. CHARLES COONS, ESQ.
                Nevada Bar No. 10553
                JOSEPH C. CHU, ESQ.
                Nevada Bar No. 11082
                9960 West Cheyenne Avenue, Suite 210
                Las Vegas, Nevada 89129-7701
                Attorneys for Plaintiff